IN THE UNITED STATES DISTRICT COURT
FOR WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| **HANOVER INSURANCE COMPANY A/S/O COOPER CONTSTRUCTION CO., INC.** 440 LINCOLN STREET WORCESTER, MA 01653       Plaintiff v. **FOREMAN ELECTRIC SERVICE COMPANY, INC.** 909 WEST 69TH STREET ODESSA, TX 79764   AND **DENNARD ELECTRIC, INC.** 7540 ANDREWS HIGHWAY ODESSA, TX 79765   AND **APPLE ELECTRICAL CONTRACTORS, INC.** 7540 ANDREWS HWY ODESSA, TX 79768       Defendants | **CIVIL ACTION** **CASE NO:**_____ **COMPLAINT** |

## COMPLAINT

Plaintiff, by and through its attorneys, brings this Civil Action and by way of this Complaint against Defendants avers as follows:

### PARTIES

1. Plaintiff is an insurance company and a New Hampshire business entity with a principal place of business at 440 LINCOLN STREET, WORCESTER, MA 01653.

2. Upon information and belief, Defendant FOREMAN ELECTRIC SERVICE COMPANY, INC. ("Foreman") is a Texas corporation with a principal place of business at 909 WEST 69TH STREET, ODESSA, TX 79764.

3. Upon information and belief, Defendant DENNARD ELECTRIC, INC. ("Dennard") is a Texas corporation with a principal place of business at 7540 ANDREWS HIGHWAY, ODESSA, TX 79765.

4. Upon information and belief, Defendant APPLE ELECTRICAL CONTRACTORS, INC. ("Apple") is a Texas corporation with a principal place of business at 7540 ANDREWS HWY, ODESSA, TX 79768.

5. Upon information and belief, at all times relevant and material hereto, all Defendants were in the construction business specializing in the design, installation, and maintenance of electrical systems.

## JURISDICTION AND VENUE

6. Upon information and belief, all Defendants are Texas corporations with principal places of business in Texas, and, therefore, all Defendants are citizens of Texas.

7. Plaintiff is not a Texas business entity and does not maintain a principal place of business in Texas, and, therefore, Plaintiff is not a citizen of Texas.

8. There is complete diversity of citizenship between Plaintiff and Defendants.

9. The amount in controversy exceeds, exclusive of costs and interest, the sum specified by 28 U.S.C. §1332.

10. Jurisdiction is vested with this Court under 28 U.S.C. §1332.

11. Pursuant to 28 U.S.C. §1391, venue is proper within this District because a substantial part of the events or omissions giving rise to the claim occurred in this District.

## GENERAL ALLEGATIONS

12. Prior to May 20, 2018, Plaintiff issued a builder's risk policy of insurance to

Cooper Construction Co., Inc, ("Cooper") in connection with a construction project for renovations of the Ector County Law Enforcement Center, located at 2500 U.S. Hwy 385 Odessa, TX ("Project" and "Property").

13. At all times relevant and material hereto, Cooper was the general contractor in connection with the Project.

14. Prior to May 20, 2018, Cooper subcontracted some or all of electrical work in connection with the Project to Defendant Foreman.

15. Upon information and belief, some or all of the aforesaid electrical work may have been subsequently subcontracted to Defendants Dennard and Apple.

16. On May 20, 2018, certain areas of the Property sustained serious damage.

17. Upon information and belief, the property damage incident occurred because a heat strip around the door of an insulated walk-in freezer at the Property stayed on and heated the inside of the freezer to high enough rates of temperature that it set off the fire sprinkler head inside the freezer.

18. In addition, the freezer panels were exposed to temperatures of over 200° Fahrenheit when they were only rated for temperatures below 140° Fahrenheit, which seriously compromised said panels.

19. Upon information and belief, the events described in Paragraphs 17 and 18 above occurred because Defendant Foreman, Dennard and/or Apple (a) failed to properly install the aforesaid heat strip; and/or (b) failed to make sure the aforesaid heat strip was properly operated, activated, used, inspected, and monitored;  and/or (c) acted in a manner that caused the aforesaid heat strip to generate excessive rates of temperature.

20. As a result of the aforesaid water damage incident, the Property and Cooper suffered and incurred losses and expenses in excess of $85,000.00.

21. Pursuant to the aforesaid builder's risk policy, on account of the aforesaid incident and damage, Plaintiff made payments in the amount of $85,617.07.

22. By virtue of the aforesaid payments, pursuant to the aforesaid insurance policy, and by operation of law, Plaintiff became subrogated to the rights of Cooper with regard to said damage and payments.

**COUNT I – PLAINTIFFS v. ALL DEFENDANTS**
**[NEGLIGENCE]**

23. Plaintiff incorporates herein by reference all previous paragraphs in their entirety.

24. At all times relevant and material hereto, Defendants owed a duty to exercise reasonable care in performing their work in connection with the Project.

25. Upon information and belief, the occurrence and subsequent damage as described herein were a direct and proximate result of the negligence, carelessness, and negligent acts and omissions of Defendants (by and through their employees, workmen, representatives, agents, contractors, subcontractors, or other persons acting on Defendants' behalf) in:

(a) acting in a manner that caused a property damage incident;

(b) installing, activating, operating, and using a walk-in freezer heat strip in a manner that generated excessive rates of temperature;

(c) failing to properly install, inspect, monitor, activate, use, connect, and operate a heat strip for a walk-in freezer;

(d) failing to properly select, hire, train, oversee, and supervise its employees, agents, representatives, and subcontractors; and/or

(e) violating and/or failing to comply with applicable codes, laws, regulations, instructions, and industry standards.

26. The negligence and carelessness of the agents, servants, workmen, and/or

employees of Defendants that occurred within the course and scope of said employment and/or agency with Defendants is imputed upon Defendants and said Defendants are liable for same.

27. As a direct and proximate result of the aforesaid negligence and carelessness of Defendants, the Property and Cooper suffered and incurred losses and expenses in excess of $85,000.00.

28. Pursuant to the aforesaid builder's risk policy, on account of the aforesaid incident and damage, Plaintiff made payments in the amount of $85,617.07.

29. By virtue of the aforesaid payments, pursuant to the aforesaid insurance policy, and by operation of law, Plaintiff became subrogated to the rights of Cooper with regard to said damage and payments.

**WHEREFORE**, Plaintiff demands judgment in its favor and against Defendants, jointly and/or severally, in the amount of $85,617.07, together with interests, costs of suit, and any other relief this Honorable Court deems just and proper.

**RESPECTFULLY SUBMITTED,**

*/S/ VKushnir*

Date: 5/18/2021

By: _____
Vlad Kushnir, Esq.
**VB Kushnir, LLC**
5 Neshaminy Interplex
Suite 205
Trevose, PA 19053
P: 800-673-1770
F: 888-470-2704
Email: vk@vbklaw.com
*Attorney for Plaintiff*